UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOFFMAN, | ) | CASE NO. 5:14CV1367 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | Magistrate Judge George J. Limbert |
| | ) | |
| ALAN J. LAZAROFF, Warden, | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| Respondent. | ) | |

On June 15, 2014, Petitioner, Christopher Hoffman ("Petitioner), *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF Dkt. #1.  He seeks relief for alleged constitutional violations that occurred during his Summit County, Ohio Court of Common Pleas convictions for murder, involuntary manslaughter, and two counts of endangering children. ECF Dkt. #4-6 at 1-3.  Among other grounds for relief, Petitioner presents the following as his fourth ground for relief in his federal habeas corpus petition:

> The Petitioner received ineffective assistance of counsel both at the trial court level and at the appellate level.  Appellate counsel failed to raise the ineffective assistance of counsel claim regarding trial counsel and failed to file a post conviction petition as promised.  Appellate counsel admitted her ineffective performance.
>
> Supporting facts:
>
> Appellate counsel should have raised the issue of ineffective trial counsel.  Trial counsel focused more on developing a civil case than defending his client.  He alienated the jury by talking down to them and completely disregarded his client's insistance[sic] on testifying on his own behalf.  Appellate counsel was ineffective in the argument[sic] she drafted for the appeals.  By her own admission she stated that she should have prevailed but she argued it wrong.  In addition she missed the post-conviction deadline after promising to prepare and file the post-

1

conviction petition.  Her performance prompted a complaint to the disciplinary counsel.

ECF Dkt. #1 at 10.  On September 29, 2014, Respondent Alan J. Lazaroff, Warden of the

Mansfield Correctional Institution, in Mansfield, Ohio, filed a return of writ.  ECF Dkt. #4.

On December 29, 2014, Petitioner filed his traverse to the return of writ, addressing Respondent's assertions against his grounds for relief and asserting that the above-cited fourth ground for relief had not yet been exhausted in the state courts but he had to include it in the instant federal habeas corpus petition in order to meet the statute of limitations for federal habeas corpus review.  ECF Dkt. #7 at 11.  Petitioner indicated that he would be filing a motion to stay and abey in this Court and requested that the Court grant that motion to stay and abey his petition for a writ of federal habeas corpus. *Id*. at 13.  Petitioner alternatively requested that the Court sever this ground from relief from his federal habeas corpus petition and dismiss it without prejudice in order to preserve federal review of the exhausted grounds for relief.  *Id*.

On December 29, 2014, Petitioner also filed the instant motion for stay and abeyance of the instant federal habeas corpus petition.  ECF Dkt. #6.  On January 2, 2015, Respondent filed his response to Petitioner's motion for stay and abeyance.  ECF Dkt. #8.  On January 13, 2015, Petitioner filed a reply brief.  ECF Dkt. #9.

**A.**  **LAW AND ANALYSIS**

Previously, district courts were required to dismiss federal habeas corpus petitions containing both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 522 (1982). In light of the AEDPA's establishment of a one-year statute of limitations, coupled with the mixed petition dismissal rule previously established in *Rose*, the Supreme Court has recognized the ability of district courts to stay federal habeas corpus petitions in order to allow petitioners to

pursue remedies for unexhausted claims in state court. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). Without allowing district courts to stay mixed petitions, petitioners run the risk of forever losing their opportunity for federal review of their unexhausted claims. *Id.*

The Supreme Court also recognized that if employed too frequently, stay and abeyance of mixed federal habeas corpus petitions would undermine the AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of federal proceedings. *Rhines*, 544 U.S. at 277. Frequent use of stay and abeyance would also decrease a petitioner's incentive to exhaust all of his state claims before filing his federal petition. *Id.*

For these reasons, the Supreme Court has emphasized that stay and abeyance should be available only in limited circumstances. In *Rhines*, the Court gives a three-part analysis to determine when granting a stay is appropriate: (1) The district court must determine that there is good cause for the petitioner's failure to exhaust his claims in state court; (2) the unexhausted claims cannot be plainly meritless; and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-278.

Applying this analysis to the instant case, the undersigned recommends that the Court find that a stay and abeyance is not warranted. There is no evidence that Petitioner engaged in intentionally dilatory litigation tactics.  However, Respondent asserts that Petitioner fails to show good cause for his failure to file his fourth ground for relief in the state courts and Petitioner's fourth ground for relief is plainly meritless.  ECF Dkt. #8 at 4-6.  The undersigned recommends that the Court agree with Respondent.

## 1.    GOOD CAUSE

As to the failure to show good cause for his failure to exhaust, the undersigned notes that in order to show good cause, a petitioner must show why he failed to use available state

3

remedies timely and appropriately.  *See Petkovic v. Clipper*, No. 1:14CV2292, 2015 WL 3948194, at *6 (N.D. Ohio June 26, 2015), citing *Hodge v. Haeberlin*, 579 F.3d 627 (6th Cir. 2009).  In this case, the trial court sentenced Petitioner on June 29, 2009.  ECF Dkt. #4-6.  With new counsel, Petitioner appealed the conviction and sentence and on November 17, 2009, the Ohio appellate court vacated the original sentence, finding that it was not a final order as the trial court failed to properly set forth the terms of Petitioner's post-release control.  ECF Dkt. #4-15, ECF Dkt. #4-17.  The appellate court remanded the matter to the trial court for resentencing. ECF Dkt. #4-17.  On July 22, 2011, Petitioner, with appellate counsel present, was ultimately resentenced by the trial court.  ECF Dkt. #4-18.  Petitioner, with the same appellate counsel, filed a notice of appeal of the conviction and resentencing on August 22, 2011.  ECF Dkt. #4-21. Upon reinstating his appeal after Petitioner failed to file an appellate brief, the Ohio appellate court appointed an Assistant Ohio Public Defender to Petitioner's case.  ECF Dkt. #s 4-23, 4-22 at 2.  Petitioner, through counsel, filed an appellate brief, but none of his assignments of error raised the ineffectiveness of trial counsel, as he asserts in the instant fourth ground for relief. ECF Dkt. #4-24.  The Ohio appellate court issued its decision and the same new appellate counsel filed a notice of appeal of the appellate court's decision with the Ohio Supreme Court on May 6, 2013. ECF Dkt. #4-29.  Petitioner, through appellate counsel, filed his memorandum in support of jurisdiction with the Ohio Supreme Court, and again, no issues were raised concerning the ineffectiveness of trial counsel or of original appellate counsel.  ECF Dkt. #4-30. Petitioner filed the instant federal habeas corpus petition on June 15, 2014.  ECF Dkt. #1.

Reviewing this timeline, the undersigned points out that at no time during the state court proceedings did Petitioner raise the issue of ineffective assistance of trial counsel or appellate counsel and he offers no real reason for failing to do so.  And Petitioner offers no reason for

failing to return to the state courts to exhaust this ground for relief during the one-year period

between the conclusion of his direct appeal and Respondent's filing of his return of writ

informing Petitioner of his failure to exhaust his fourth ground for relief.  Petitioner alleges that

his appellate counsel informed him that the Ohio Supreme Court should have granted the appeal

in his case but admitted that the issues were argued wrong.  ECF Dkt. #7 at 27.  This has nothing

to do with Petitioner's failure to return to the state courts in order to exhaust his fourth ground

for relief.   Petitioner also asserts that he was communicating with the Ohio Public Defender's

Office about filing an application for reopening his appeal pursuant to Rule 26(b) of the Ohio

Rules of Appellate Procedure while that office was seeking to reinstate his appeal that the Ohio

appellate court had dismissed.  *Id.* at 27-28.  Petitioner alleges that the Ohio Public Defender's

Office offered to file the Rule 26(b) for him to raise the ineffectiveness of trial counsel, but that

office never filed it.  *Id*. at 28.   While this does concern Petitioner's failure to exhaust this

ground for relief while he was pursuing his state remedies, it does not explain why Petitioner did

not raise a Rule 26(b) or otherwise assert the ineffectiveness of trial and appellate counsel in the

state courts during the nearly one year time period between direct review by the Ohio Supreme

Court and the filing of Petitioner's federal habeas corpus petition.  Accordingly, the undersigned

recommends that the Court find that Petitioner fails to present a good reason to excuse his delay

in raising the issues presented in his fourth ground for relief to the state courts.

### 2.        PLAINLY MERITLESS

However, even if the Court finds that Petitioner has presented good cause to excuse his

delay in filing his ineffectiveness of counsel claims in the state court, the undersigned

nevertheless recommends that the Court deny Petitioner's motion to stay and abey because his

fourth ground for relief is plainly meritless.  Petitioner asserts in his fourth ground for relief that

appellate counsel was ineffective because she failed to raise the ineffectiveness of trial counsel who allegedly focused more on developing a civil case than defending Petitioner at trial, alienated the jury by talking down to them, and disregarded Petitioner's demand that he testify on his own behalf.  ECF Dkt. #1 at 11.  Petitioner further asserts that appellate counsel was ineffective as although she was able to get his appeal reinstated before the Ohio appellate court, she allegedly told him that it was her fault that he lost the subsequently reinstated appeal because she argued the appeal wrong.  *Id.*  He also avers that appellate counsel promised that she would make sure that a Rule 26(B) would be filed on his behalf alleging her ineffectiveness since she could not file an ineffective assistance of appellate against herself but the Rule 26(B) was never filed.  *Id.*

Although not presented in his fourth ground for relief, Petitioner asserts in his motion for stay and abeyance that trial counsel was ineffective because after he retained counsel to perfect an appeal, counsel stopped responding to Petitioner's letters and phone calls and failed to file an appellate brief after requesting and receiving an extension of time to do so, which resulted in the dismissal of his appeal.  ECF Dkt. #6 at 3.

The undersigned points out that "[c]ounsel's failure to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal."  *Howard v. Bouchard*, 405 F.3d 459, 485 (6th Cir. 2005).  Under the Sixth Amendment, criminal defendants are entitled to the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668 (1984), sets forth the two-pronged test to determine whether counsel's performance was so deficient as to require reversal of a conviction.  Under *Strickland*, the defendant must first show that counsel's performance was deficient, which requires "showing that counsel made errors so serious that counsel was not functioning as the

'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. Second, the defendant must show that counsel's deficient performance prejudiced the defense. *Id.* Prejudice requires a showing that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* Unless a defendant makes both a showing of deficient performance and prejudice, it cannot be said that the conviction(s) resulted from a breakdown in the adversary process that renders the result unreliable. *Id.* It is the burden of the defendant to prove prejudice. *Id.* at 693. To prove prejudice, it must be shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Judicial scrutiny of counsel's performance must be highly deferential and it is "strongly presumed that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90. The defendant must overcome the presumption that the challenged action might be considered sound trial strategy. *Id.* at 689. These principles do not establish mechanical rules, and the ultimate focus of the inquiry must be on the fundamental fairness of the proceedings. *Id.* at 696.

Petitioner in the instant case does not elaborate on his claim that trial counsel focused on a civil case rather than on defending his criminal case and "was trying to develop a civil case for a larger payday rather than defending his client on the criminal charges." ECF Dkt. #1 at 10; ECF Dkt. #7 at 29. Without more specific information from Petitioner, the undersigned is uncertain of what Petitioner is talking about and what exactly Petitioner's trial counsel did at trial that demonstrated his lack of defending Petitioner. A review of the transcript does not support Petitioner's assertion. Moreover, Petitioner fails to assert how the raising of this issue

would have changed the result of his appeal.  The undersigned recommends that the Court find that this assertion is plainly meritless.

Further, Petitioner fails to identify the part of the transcript or record where his trial counsel allegedly belittled and talked down to the jury.  A review of the transcript does not support this allegation either.  The undersigned recommends that the Court find that this assertion is plainly meritless.

Moreover, as to trial counsel's alleged disregard of Petitioner's demand to testify at trial, the record does not support findings that Petitioner wished to testify or that he alerted the court of his desire to testify.  In *Hodge v. Haeberlin*, the Sixth Circuit held that the court "entertains a strong presumption that trial counsel adhered to the requirements of professional conduct and left the final decision about whether to testify with the client."  579 F.3d 627, 639 (6th Cir. 2009), citing *U.S. v. Webber*, 208 F.3d 545, 551 (6th Cir. 2000).  Although "'the right to testify is personal to the defendant,' who thus retains 'the ultimate decision whether to testify[,] ... *when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed*.'" *Webber*, 208 F.3d at 550 (emphasis added).  In order to overcome the presumption of a defendant's assent, a defendant "would need to present record evidence that he somehow alerted the trial court to his desire to testify."  *Hodge*, 579 F.3d at 639.  A defendant's mere allegations that he wanted to testify and was prevented from doing so are insufficient "to overcome the presumption that he assented to the tactical decision that he not testify. *Id*.  Here, the transcript fails to show that Petitioner desired to testify, that he alerted the trial court of his desire to testify, or that he did not willingly agree with counsel's advice not to testify.  The undersigned consequently recommends that the Court find that this assertion is plainly meritless.

Further, while trial counsel did err in failing to file the appellate brief which resulted in the dismissal of Petitioner's state appeal, Petitioner cannot show resulting prejudice because the Ohio appellate court reinstated his appeal after it appointed the Ohio Public Defender's Office as his counsel who filed a motion for reconsideration and filed a timely appellate brief.  ECF Dkt. #4-22-23 at 1-2; ECF Dkt. #7 at 28; *see Lampley v. Bunting*, No. 1:13-CV-1102, 2013 WL 5670947, at *11 (N.D. Ohio Oct. 15, 2013)("[t]o the extent that Lampley's appellate counsel was ineffective in failing to timely file his original brief, any injury from that error was redressed by the state appellate court's decision to reinstate Lampley's appeal and permit his counsel to file a brief.").   Thus, the undersigned recommends that the Court find that this assertion is plainly meritless.

For the above reasons, the undersigned recommends that the Court find no merit to Petitioner's assertions that appellate counsel was ineffective for failing to raise the errors of trial counsel that he identified in his fourth ground for relief and in his motion for stay and abeyance. as the ineffective assistance of trial counsel claims are without merit.

The undersigned further recommends that the Court find that Petitioner's other allegations of ineffective assistance of appellate counsel are plainly meritless as well.  Petitioner asserts that his appellate counsel omitted arguments and told him that "she should have prevailed but she argued it wrong."  ECF Dkt. #1 at 10.  Petitioner fails to identify the appellate arguments presented or those omitted that resulted in the ineffective assistance of appellate counsel, he fails to explain how or why the presented arguments were erroneous, and he fails to explain how the omitted argument or the presented arguments wrongly asserted by appellate counsel would have changed the outcome of his case.  Appellate counsel's alleged statements to him concerning her

9

feeling that she argued an issue on appeal incorrectly does not provide sufficient support to proceed on his claim of the ineffective assistance of appellate counsel.

As to Petitioner's assertion that appellate counsel was ineffective because she offered to have another attorney file a Rule 26(B) application and did not follow through on doing so, Petitioner fails to provide support demonstrating that appellate counsel made such an offer or that she promised to make sure that the Rule 26(b) application was filed by another attorney. Moreover, a Rule 26(b) proceeding under Ohio law is a "'separate collateral' proceeding rather than part of the original appeal, " *Tolliver v. Sheets*, 594 F.3d 900, 929 (6th Cir.2010) and a federal habeas corpus petitioner has "no constitutional right to counsel for the proceeding-and thus certainly had no constitutional right to effective counsel ... [and] any poor advice he received from an attorney cannot establish cause for his default." *Id.* (internal citations omitted). The Sixth Circuit Court of Appeals has recently reversed a district court's decision to deny a federal habeas corpus petition and found that appellate counsel's failure to advise the petitioner of the triggering date for filing a post-conviction petition could constitute cause to excuse a procedural default. *See Gunner v. Welch*, 749 F.3d 511, 513 (6th Cir. 2014).  However, in this case, Petitioner does not allege that he was unaware of the filing deadline for filing a Rule 26(b) application, or that appellate counsel failed to inform him of the outcome of his direct appeal or of the Rule 26(b) filing deadline.  Thus, the decision is *Gunner* is distinguishable to appellate counsel's alleged failure to ensure that someone else would file a Rule 26(b) state collateral application in the instant case.

For the above-stated reasons, the undersigned recommends that the Court find that a stay and abeyance of Petitioner's federal habeas corpus petition is not warranted. First, Petitioner has

failed to show good cause for his failure to exhaust this claim in state court. Second, Petitioner's fourth ground for relief that he wishes to present to the state courts is plainly meritless.

**B.**     **CONCLUSION AND RECOMMENDATION**

For the foregoing reasons, the undersigned RECOMMENDS that the Court DENY Petitioner's motion for stay and abeyance.  ECF Dkt. #6.  Accordingly, the undersigned recommends that the Court grant Petitioner's alternative request in his motion for stay and abeyance to sever his fourth ground for relief presented in his federal habeas corpus petition and proceed with the other exhausted grounds for relief presented in his federal habeas corpus petition.

Date: August 3, 2015                                              /s/George J. Limbert
                                                                 GEORGE J. LIMBERT
                                                                 U.S. MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice.  Fed. R. Civ. P. 72; L.R. 72.3.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

11