UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Christopher Hoffman,                                           Case No. 5:14-cv-1367

             Petitioner

      v.                                                 MEMORANDUM OPINION

Alan J. Lazaroff,

             Respondent

Before me is the May 13, 2016 Report and Recommendation of Magistrate Judge George J. Limbert recommending dismissal of Petitioner Christopher Hoffman's action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 14). Also before me are the *pro se* Petitioner's objections. (Doc. No. 17). For the reasons stated below, I adopt the Magistrate Judge's recommendation as set forth in the Report and Recommendation.

### I. APPLICABLE LEGAL STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also Norman v. Astrue*, 694 F.Supp.2d 738, 740 (N.D. Ohio 2010). "De novo determination requires 'fresh consideration' of a magistrate judge's recommendation, independent of the magistrate judge's conclusions." 14 MOORE'S FEDERAL PRACTICE § 72.11[2][a] (3d ed. 2017). In conducting a de novo review, the court need not conduct a de novo hearing on the matter. *Lifeng Chen v. New Trend Apparel, Inc.*, 8 F.Supp.3d 406, 416 (S.D.N.Y. 2014), citing *United States v. Raddatz*, 447 U.S. 667, 675-76 (1980).

## II. THE REPORT AND RECOMMENDATION

The Magistrate Judge's report began with a synopsis of the facts as articulated by the Ninth District Court of Appeals. *State v. Hoffman*, No. 26084, 2013 WL 1141033 (Ohio App. 2013); (Doc. No. 4-1 at pp. 1-10). In summary, on June 12, 2009, the jury found Petitioner not guilty as to aggravated murder (Count One), guilty of murder (Count Three), guilty of involuntary manslaughter (Count Five), and guilty of endangering children (Counts Seven and Nine). (Doc. Nos. 4-19 and 4-20). The Report then detailed the procedural history of the state trial court, the direct appeal, and the Supreme Court of Ohio. (Doc. No. 14 at pp. 5-8).

In examining the Petition, the Magistrate Judge set forth four grounds for relief and then explained that the fourth ground for relief was severed[1] from this action so the case could proceed on the first three grounds for relief. (Doc. Nos. 10 and 12).

The three grounds for relief are set forth as follows:

GROUND ONE: Where evidence of an unrelated[sic] crime is admitted in a murder trial and the admission of that evidence severely prejudices the defendant, the trial court deprived the Petitioner of due process when it denied the defendant's motion to sever counts. Depriving him of his rights gaurenteed[sic] by the US and Ohio Constitutions[sic].

Supporting facts: The trial court should have severed the child endangering charge contained in Count Nine, alleging that the Petitioner violated a duty of care, protection, or support at some unrelated prior occasion, from the charges in Counts One, Three, Five, and Seven, all of which relate to the events surrounding NH's death. By allowing the State to try Petitioner on the aggravated murder, felony murder, involuntary manslaughter, and Count 7 child endangering charges at the same time as the distinct crime alleged in the third-degree felony child endangering charge in count 9, the trial court abused its discretion, considerably prejudiced Petitioner's defense and denied him a constitutionally fair trial. The child endangering charge in count 9 alleged that the Petitioner created "a substantial risk to the health or safety of the child, by violating a duty of care, protection, or support, "tending to prove that the rib injuries were of the same or similar character as the abuse alleged to have caused N.H.'s death, or that they were based on the same act or transaction or based on multiple acts or transactions connected together, nor was

---

[1] On August 3, 2015, the Magistrate Judge recommended denying Petitioner's motion for a stay and abeyance but granting his alternative request to sever his fourth ground for relief without prejudice. (Doc. No. 10). On September 28, 2015, I adopted that Report and Recommendation. (Doc. No. 12).

> there any evidence that the rib fractures were a part of a criminal scheme or course of conduct.
>
> GROUND TWO: The trial court violated the Petitioner's rights to due process and a fair trial when, in the absence of sufficient evidence, the trial court convicted him of murder in violation of his fifth, Sixth, and Fourteenth Amendment rights under the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution.
>
> Supporting Facts: The evidence was insufficient to sustain the Petitioner's conviction for murder. Before the State may obtain a conviction for any offense, it must prove every element of that offense beyond a reasonable doubt. A conviction based upon insufficient evidence must be overturned. When a verdict regarding a charge is not supported by sufficient evidence, the reviewing court must vacate the verdict and dismiss the charge. Child endangering becomes a second-degree felony upon proof beyond a reasonable doubt that the defendant recklessly abused a child under the age of thirteen and the abuse results in serious physical harm. RC 2919.22(B)(1) and (E)(2)(d). Abuse signifies an act of violence, and indeed, during its closing argument, the State told the jury that the Petitioner's actions toward N.H. on December 10, 2007 were "purposeful," "reckless," and "violent." However, the demonstrable evidence reveals that the piece of tissue removed from N.H.'s throat during the autopsy was very small approximately 2.35 inches by .98 inches by .5 inches. The evidence further confirms that there was a significant amount of vomit and drool still in his mouth. The evidence shows that this was a tragic accident. Accordingly, the jury's verdict regarding second degree felony endangering was not supported by sufficient evidence.
>
> GROUND THREE: The Petitioner's conviction was entered against the manifest weight of the evidence, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution.
>
> Supporting Facts: The jury's verdict finding the petitioner guilty of felony murder was against the manifest weight of the evidence. The State did not present any credible evidence that the Petitioner had any knowledge, or that he disregarded a known risk, that using a small piece of tissue to wipe out N.H.'s mouth would be abusive and result in serious physical harm to N.H. Therefore, the jury's verdict on the second-degree child endangering charge was against the manifest weight of the evidence. Further, since the jury's verdict on the murder charge was predicated on a guilty verdict on the Count 7 child endangering charge, that conviction must also be reversed.

(Doc. No. 14 at pp. 8-9).

The Magistrate Judge then analyzed each of the remaining three grounds for relief. First, he found the third ground for relief, the claim based upon the manifest weight of the evidence, was derived from state law and therefore, not cognizable for federal habeas corpus review. The

Magistrate Judge then determined the first ground for relief to be procedurally defaulted and the Petitioner failed to establish cause in order to excuse his procedural default. As to his second ground for relief, the Magistrate Judge found the Ohio appellate court's decision "was not contrary to or an unreasonable application of United States Supreme Court precedent." (Doc. No. 14 at p. 22). Accordingly, the Magistrate Judge recommended the petition be dismissed with prejudice.

### III. OBJECTIONS

A petitioner must make specific objections to a magistrate's report in order to preserve his claims for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). These objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). *See also Austin v. Bedford Township Police Dep't*, 859 F.Supp.2d 883, 888 (E.D. Mich. 2011), *aff'd* 690 F.3d 490 (6th Cir. 2012).

A. First Objection

Petitioner's first objection is to "portions of the facts as set forth by the Ohio Ninth District Court of Appeals on direct appeal." (Doc. No. 17 at p. 1). In this objection, the Petition "set[s] forth certain relevant parts of the record that should be considered when this court makes its determination on the Magistrates[sic] Report and Recommendation." (*Id.*) After setting forth portions of testimony from the trial, Petitioner contends, "[t]he state clearly had nothing more than circumstantial evidence in the instant case and they used that to procure a conviction while the Petitioner's attorney tried to lay the foundation for a civil suit against the EMT's." (*Id.* at p. 8). Petitioner's objections are non-specific insofar as it pertains to the facts set forth by the Ohio appellate court.

B. Second Objection—Third Ground For Relief

4

Petitioner argues his convictions for felony murder and child endangering were against the manifest weight of the evidence. He contends "this claim rises to the level of the constitutional due process sufficiency of the evidence" and that "the jury verdict forms are sufficient to convict Petitioner of only the first degree misdemeanor of Child Endangering." (*Id.* at pp. 8-9). As there was no felony to support his felony murder conviction, Petitioner states his Third Ground for relief is cognizable for habeas review. I disagree.

The record reflects Petitioner was found guilty on Counts Seven and Nine, both child endangering charges. (Doc. No. 4-14 at pp. 101-102). Both charges were felonies. (Doc. No. 4-2 at pp. 3-4). Additionally, the state appellate court noted the following: "[t]hat [the] child endangering conviction, stemming from a violation of R.C. 2919.22(B)(1), served as the foundation for Hoffman's felony murder conviction." 2013 WL 1141033 at *5.

The Magistrate Judge found the Third Ground for Relief noncognizable as it raised an issue of state law, an issue not to be considered in a habeas review. *See Estell v. McGuire*, 502 U.S. 63, 67-68 (1991) (a federal habeas court does not reexamine state-court determinations on state-law questions). Accordingly, Petitioner's objection is not well taken.

C. Third Objection—First Ground for Relief

The Petitioner argues this ground is not procedurally defaulted as the child endangering charge in Count Nine should have been severed by the trial court. He contends the failure to sever this charge violated his right to a fair trial. The Petitioner states he has demonstrated "sufficient actual prejudice in order to justify a writ of habeas corpus, and not merely the potential for prejudice."

The Magistrate Judge found this claim to be procedurally defaulted because the Petitioner did not renew his motion to sever Count Nine in order to preserve the issue on appeal. In their review, the Ohio appellate court conducted a plain error analysis and found the trial court did not commit plain error by denying Petitioner's motion to sever. 2013 WL 1141033 at *2-5.

5

Next, the Magistrate Judge rejected Petitioner's arguments that his trial counsel was ineffective in failing to renew the motion to sever noting:

> [T]his Court dismissed petitioner's fourth ground for relief without prejudice because Petitioner failed to exhaust this claim in the state courts and offered no good cause for failing to exhaust and the claims of ineffectiveness of counsel that Petitioner presented in that ground for relief were plainly meritless.

(Doc. No. 14 at p. 17). Finally, the Magistrate Judge found Petitioner had not presented new evidence of innocence to excuse the procedural default.

The Petitioner's objection contends he suffers actual prejudice which justifies the writ of habeas corpus because joinder of these claims had a "'substantial and injurious effect or influence' on the jury's verdict." (Doc. No. 17 at p. 11). In essence, Petitioner contends his interpretation of the facts and evidence of innocence justify habeas relief. I disagree.

Petitioner presents the same arguments articulated to the Ohio Court of Appeals and the Magistrate Judge. Before reviewing the merits of a habeas claim, the court must first consider procedural barriers and exhaustion of remedies. *Daniels v. United States*, 532 U.S. 374, 381 (2001). As Petitioner's objections do not present a valid basis to overcome procedural default, those objections are overruled.

### D. Fourth Objection—Second Ground for Relief

Petitioner's Second Ground for Relief charges a sufficiency of the evidence claim. He contends he was convicted of a misdemeanor level of child endangering; therefore, there was no felony to sustain his felony murder conviction. This is incorrect and I take note of the Ninth District Court of Appeals' analysis:

> {¶ 31} Hoffman also argues that his felony murder conviction is based on insufficient evidence. The felony murder statute provides that "[n]o person shall cause the death of another as a proximate result of the offender's committing or attempting to commit an offense of violence that is a felony of the first or second degree * * *." R.C. 2903.02(B). As previously set forth, Hoffman's child endangering conviction under R.C. 2919.22(B)(1) served as the predicate offense for his felony murder conviction. Hoffman's sole argument is that, because his child endangering conviction is not supported by sufficient evidence, his felony murder conviction also must fail. We have determined, however, that Hoffman's child

endangering conviction is not based on insufficient evidence. Therefore, his
argument that his felony murder conviction cannot stand lacks merit.

2013 WL 1141033 *8.

The Petitioner's arguments regarding his conviction on a sufficiency of the evidence challenge are without merit. Nor has he argued or established that the Ohio appellate court's decision was not contrary to or an unreasonable application of United States Supreme Court precedent. His objections as to his Second Ground for Relief are not well taken.

### IV. CONCLUSION

For the reasons stated above, I adopt the Magistrate Judge's May 13, 2016 Report and Recommendation (Doc. No. 14) as the Order of this Court. The petition is dismissed with prejudice.

A habeas corpus petitioner is not entitled to a certificate of appealability as a matter of right, but must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner need not demonstrate he should prevail on the merits. Rather, a petitioner must demonstrate "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). In this case, Hoffman's petition does not meet this standard.

For the reasons set forth in this decision, I certify there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge